UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BARRY WAYNE PLUNKETT, JR.,<br><br>and<br><br>NANCY PLUNKETT, a/k/a "NANCY LEE MATTHEWS,"<br><br>Defendants | Criminal Case No.   20cr10140<br><br>Violations:<br><br>Counts One - Five:  Bank Fraud<br>(18 U.S.C. § 1344)<br><br>Count Six:  Aggravated Identity Theft<br>(18 U.S.C. § 1028A(a)(1))<br><br>Count Seven:  Evasion of Assessment of Taxes<br>(26 U.S.C. § 7201)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)(A)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. BARRY WAYNE PLUNKETT, JR. ("BARRY PLUNKETT, JR") was an attorney licensed to practice law in the Commonwealth of Massachusetts. From in or about 2002 until November 2017, BARRY PLUNKETT, JR. owned and operated The Plunkett Law Firm, PC, a solo practice concentrating in real estate closings. Among other things, BARRY PLUNKETT, JR. acted as the title examiner and settlement agent on behalf of mortgage lenders for the financing of residential real estate transactions.

2. NANCY LEE MATTHEWS was a resident of Massachusetts. From and after 2011, NANCY LEE MATTHEWS was employed as an office assistant and paralegal with The

1

Plunkett Law Firm, PC.  In or about November 2014, BARRY PLUNKETT, JR. married NANCY LEE MATTHEWS (hereinafter "NANCY PLUNKETT").

3.   The following banks and mortgage lending businesses were financial institutions, as defined in Title 18, United States Code, Sections 20 and 27:

    A.  The Washington Trust Company located at Westerly, Rhode Island;

    B.  Wells Fargo Bank located at San Francisco, California;

    C.  EverBank Company located at Jacksonville, Florida;

    D.  Rockville Bank located in Rockville, Connecticut;

    E.  United Bank located in Hartford, Connecticut;

    F.  Fairway Independent Mortgage Corporation located in Madison, Wisconsin;

    G.  Velocity Commercial Capital, LLC. located at Westlake Village, California; and

    H.  Quicken Loans, Inc. ("Quicken Loans"), located in Detroit, Michigan.

The Federal Tax Requirements

4.   The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

5.   The tax laws of the United States require every citizen and resident of the United States who receives income in excess of the minimum filing amount established by law for a particular tax year to annually make and file a personal income tax return for that tax year.

6.   Under the tax laws, individuals such as BARRY PLUNKETT, JR. were required to prepare and file personal income tax returns using IRS Form 1040 to report, among other matters, all gross income from whatever source derived.

7.   Under the tax laws, funds obtained by fraud and converted to the taxpayer's own use must be reported to the IRS as gross income during the tax year in which the funds were obtained.

Scheme to Defraud Mortgage Lenders in Connection with Homeowner Properties

8.   As the title examiner and settlement agent on behalf of mortgage lenders, BARRY PLUNKETT, JR. was responsible for providing truthful title information to mortgage lenders who financed homeowner properties, and for paying off pre-existing loans in connection with homeowner properties financed with new loans from mortgage lenders.

9.   As the office assistant and paralegal for The Plunkett Law Firm, PC, NANCY PLUNKETT was responsible for assisting in paying off pre-existing loans in connection with homeowner properties financed with new loans from mortgage lenders and for providing truthful information to lenders and homeowners regarding the payoff status of the pre-existing loans.

10. From and after September 25, 2012, BARRY PLUNKETT, JR. and NANCY PLUNKETT operated a scheme to defraud mortgage lenders by, among other things:

   a.   Providing false information, false loan closing statements and related documents to mortgage lenders thereby misrepresenting that The Plunkett Law Firm, PC used mortgage lender funds to pay off pre-existing loans on homeowner properties. BARRY PLUNKETT, JR. and NANCY PLUNKETT intentionally converted and misused the payoff funds for their own personal uses.

   b.   Providing false information, false title policies and related documents to mortgage lenders thereby misrepresenting that homeowner properties financed with new loans from mortgage lenders were free and clear of pre-existing mortgage liens.  BARRY

3

PLUNKETT, JR. and NANCY PLUNKETT intentionally failed to pay off the pre-existing mortgages that remained as liens on the homeowner properties.

11. To conceal the fraudulent scheme from the lenders as well as homeowners and the IRS, BARRY PLUNKETT, JR. and NANCY PLUNKETT used a portion of the payoff proceeds from new mortgages on certain properties to make payments on the pre-existing mortgages for various other properties.

12. To further conceal the fraudulent scheme from the mortgage lenders, homeowners and the IRS, BARRY PLUNKETT, JR. and NANCY PLUNKETT caused mortgage lenders to change the contact information and addresses used in connection with pre-existing mortgages from the homeowner's addresses to The Plunkett Law Firm, PC. For instance, on or about May 4, 2017, in connection with a pre-existing mortgage regarding a residential property located on Hawthorne Avenue in Newton, Massachusetts, NANCY PLUNKETT contacted Quicken Loans, falsely identified herself as the homeowner, and directed Quicken Loans to change the address and contact information from the homeowner to The Plunkett Law Firm, PC.

13. On occasions when a homeowner complained to The Plunkett Law Firm, PC after discovering that their pre-existing mortgage had not been paid off, BARRY PLUNKETT, JR. and NANCY PLUNKETT used payoff proceeds from a subsequent mortgage loan on an unrelated property to pay off the pre-existing mortgage on the complaining homeowner's property.

14. BARRY PLUNKETT, JR. and NANCY PLUNKETT thereby defrauded mortgage lenders in connection with the following homeowner mortgage loans:

| Closing Date | Property | New Lender | Pre-existing Lender | Pre-existing Payoff Amount |
|---|---|---|---|---|
| 9/25/2012 | Hillcrest Road Needham, MA | The Washington Trust Company | U.S. Bank | $410,156.58 |
| 4/22/2013 | Hawthorne Ave. Newton, MA | Wells Fargo Bank | Quicken Loans | $503,666.59 |
| 6/20/2013 | Tammer Lane Hopkinton, MA | EverBank Company | U.S. Bank | $407,098.96 |
| 8/27/2013 | Nick Lane Maynard, MA | Wells Fargo Bank | Bank of America | $74,703.54 |
| 8/27/2013 | Nick Lane Maynard, MA | Wells Fargo Bank | J.P. Morgan Chase & Co, | $48,706.38 |
| 10/30/2013 | Greenough St. Brookline, MA | Rockville Bank | Wells Fargo Bank | $165,917.78 |
| 12/18/2013 | Sandy Valley Dr. Walpole, MA | EverBank Company | Bank of America | $383,756.03 |
| 12/23/2013 | Atlantic Ave. Hull, MA | EverBank Company | HSBC Mortgage | $269,768.34 |
| 6/13/2014 | Hancock St. Melrose, MA | EverBank Company | Cole Taylor Bank | $414,801.96 |
| 6/13/2014 | Hancock St. Melrose, MA | EverBank Company | TCF National Bank | $239,351.46 |
| 12/9/2014 | Linebrook Rd. Ipswich, MA | United Bank | J.P. Morgan Bank | $112,176.46 |
| 12/16/2014 | Farrington Lane South Hamilton,  MA | United Bank | Wells Fargo Bank | $744,275.14 |
| 12/18/2014 | Pine Street Needham, MA | United Bank | South Shore Savings Bank | $610,881.10 |
| 1/8/2015 | Edwardel Rd. Needham, MA | Fairway Independent Mortgage Corporation | EverBank Company | $996,460.46 |
| 6/30/2015 | Pine View Circle Scituate, MA | EverBank Company | J.P. Morgan Chase & Co. | $406,027.23 |
| 7/15/2016 | Rogers Way Duxbury, MA | EverBank Company | Wells Fargo Bank | $446,010.44 |

## Schemes to Defraud – Hyannis Port Property

15. Title to residential property at 112 Washington Avenue, also known as 100 Washington Avenue, located in Hyannis Port, Massachusetts (the "Hyannis Port Property") was held in the name of the 112 Realty Trust II ("The Trust").  BARRY PLUNKETT, JR. served as trustee of

The Trust. The beneficiaries of The Trust were Person #1, Person #2, and BARRY PLUNKETT, JR.

16. The Hyannis Port Property consisted of two buildings: a 7-bedroom house ("the House") and a 3-car garage with a 2-bedroom apartment above ("the Apartment").

17. From and after 2002, BARRY PLUNKETT, JR. resided at the Hyannis Port Property. From and after at least November of 2014, NANCY PLUNKETT also resided at the Hyannis Port Property.

18. In January 2006, BARRY PLUNKETT, JR., as trustee of The Trust, obtained a mortgage loan in the amount of $1,968,875 from Washington Mutual Bank secured by The Hyannis Port Property. In 2015, the outstanding balance on the mortgage was approximately $1.4 million.

19. From in or about April 2015 to on or about August 31, 2015, BARRY PLUNKETT, JR. and NANCY PLUNKETT fraudulently obtained a mortgage loan in the amount of $470,000 from Velocity Commercial Capital ("Velocity Capital") in the name of Shoreline Properties LLC as follows:

   a. Shoreline Properties LLC was registered in the State of Delaware on April 21, 2015 as a limited liability company for which Person #1 was listed as the sole member.

   b. On or about April 15, 2015, NANCY PLUNKETT signed a deed, as the trustee of The Trust, purporting to sell the Apartment of The Hyannis Port Property to Shoreline Properties LLC for $940,000. Neither Person #1 nor Shoreline

6

Properties LLC paid any money for the purported purchase of the Apartment of The Hyannis Port Property.

c.  On or about June 25, 2015, NANCY PLUNKETT emailed documents to Velocity Capital, including a title commitment and a closing protection letter indicating that Person #1 was the owner in fee simple of the Apartment of The Hyannis Port Property and that the property was free and clear of pre-existing mortgage liens.

d.  On or about July 10, 2015, BARRY PLUNKETT, JR. emailed false and fraudulent documents to Velocity Capital, including a fictitious HUD-1 settlement statement fraudulently representing that Shoreline Properties LLC purchased the Apartment of The Hyannis Port Property for $940,000.

e.  BARRY PLUNKETT, JR. and NANCY PLUNKETT failed to inform Velocity Capital that the 2006 Washington Mutual Bank loan was secured by the entire Hyannis Port Property, including the Apartment, and that the outstanding balance on that mortgage was approximately $1.4 million.

f.  BARRY PLUNKETT, JR. falsely represented to Velocity Capital that the property was "free and clear" of liens.

g.  On or about August 31, 2015, BARRY PLUNKETT, JR. acted as the loan broker and closing attorney to fraudulently obtain from Velocity Capital a mortgage loan for $470,000 in the name of Shoreline Properties LLC, secured by the Apartment of The Hyannis Port Property.

h.  Person #1 was not aware of the nature and significance of false representations in her name and in the name of Shoreline Properties LLC.  Person #1 did not receive

7

any of the funds from the $470,000 loan. Rather, BARRY PLUNKETT, JR. and

NANCY PLUNKETT used the proceeds from the $470,000 loan for personal

expenses and, on some occasions, to make monthly payments on unpaid pre-

existing homeowner loans identified in paragraph 14 of this Indictment.

20. At or about the same time, BARRY PLUNKETT, JR. and NANCY PLUNKETT

fraudulently obtained a mortgage loan in the amount of $412,000 from Quicken Loans in the

name of Person #1 as follows:

a. On or about May 5, 2015, BARRY PLUNKETT, JR. began negotiating a loan

from Quicken Loans in the name of Person #1. In support of the loan application,

BARRY PLUNKETT, JR. falsely represented to Quicken Loans that Person #1

was his "cousin," that Person #1 had purchased the Apartment of The Hyannis

Port Property and that the property was "free and clear" of liens.

b. BARRY PLUNKETT, JR. and NANCY PLUNKETT failed to inform Quicken

Loans that the 2006 Washington Mutual Bank loan was secured by the entire

Hyannis Port Property, including the Apartment, and that the outstanding balance

on that mortgage was approximately $1.4 million.

c. BARRY PLUNKETT, JR. and NANCY PLUNKETT also failed to inform

Quicken Loans that on August 31, 2015 they had fraudulently obtained an

additional loan for $470,000 from Velocity Capital in the name of Shoreline

Properties LLC, secured by the same Apartment on The Hyannis Port Property.

d. On or about June 25, 2015, NANCY PLUNKETT emailed documents to Quicken

Loans, including wiring instructions, a title commitment and a closing protection

8

letter indicating that Person #1 was the owner in fee simple of the Apartment of
The Hyannis Port Property and that the property was free and clear of pre-existing
mortgage liens.

e. On or about September 25, 2015, NANCY PLUNKETT emailed Quicken Loans a
final HUD-1 closing statement indicating that the property was owned by Person
#1 and that Person #1 would receive $377,449.61 from the loan proceeds.

f. On or about September 28, 2015, BARRY PLUNKETT, JR. acted as the closing
attorney to fraudulently obtain from Quicken Loans a mortgage loan for
$412,000 in the name of Person #1, secured by the Apartment of The Hyannis
Port Property.

g. Person #1 was not aware of the nature and significance of false representations in
her name.  Person #1 did not receive any of the funds from the $412,000 loan.
Rather, BARRY PLUNKETT, JR. and NANCY PLUNKETT used the proceeds
from the $412,000 loan for personal expenses and, on some occasions, to make
monthly payments on unpaid pre-existing homeowner loans identified in
paragraph 14 of this Indictment.

21.  From in or about December 2017 to on or about March 9, 2018, BARRY PLUNKETT,
JR. and NANCY PLUNKETT fraudulently obtained an additional mortgage for $1,200,000 from
Velocity Capital in the name of "Nancy Matthews," secured by the House at The Hyannis Port
Property as follows:

a. In or about December 2017, BARRY PLUNKETT, JR. and NANCY
PLUNKETT submitted a loan application to Velocity Capital in her maiden name

9

of "Nancy Matthews," purporting to use the House at The Hyannis Port Property as security.

b. On or about February 15, 2018, BARRY PLUNKETT, JR. submitted a letter to Velocity Capital falsely representing that "Nancy Matthews" was previously married to a relative of BARRY PLUNKETT, JR., but was now separated. In reality, BARRY PLUNKETT, JR. and NANCY PLUNKETT were married and NANCY PLUNKETT was never married to a relative of BARRY PLUNKETT, JR.

c. The loan application listed 396 Washington Street, Wellesley, MA as the primary residence address for "Nancy Matthews" when, at that time, NANCY PLUNKETT resided with her husband BARRY PLUNKETT, JR. at the House on The Hyannis Port Property. The address of 396 Washington Street, Wellesley, MA belonged to a UPS Store where NANCY PLUNKETT rented a mailbox.

d. As proof of residence, NANCY PLUNKETT signed a fictitious rental agreement in the name of "Nancy Matthews" falsely representing that she was renting a residence at 396 Washington Street, Wellesley, MA (the UPS Store) from Person #3 and JPP Realty. The fictitious rental agreement contained a forged signature in the name of Person #3.

e. On or about January 19, 2018, NANCY PLUNKETT emailed the fictitious rental agreement to BARRY PLUNKETT, JR. On or about that same date, BARRY PLUNKETT, JR. delivered the fictitious rental agreement to Velocity Capital.

f.   Person #3 never rented a residence to NANCY PLUNKETT or "Nancy Matthews;" Person #3 was never aware of any entity named JPP Realty; Person #3 was never aware of the fictitious rental agreement; and the signature in the name of Person #3 was forged without Person #3's knowledge or permission.

g.   On or about January 19, 2018, BARRY PLUNKETT, JR. and NANCY PLUNKETT delivered to Velocity Capital seven fictitious bank statements for Citibank checking Account No. ####2389 in the name of "Nancy Matthews," fraudulently representing that she had paid $2,650 monthly as rent to JPP Realty.

h.   On or about February 15, 2018, BARRY PLUNKETT, JR. emailed to Velocity Capital a handwritten letter signed by "Nancy Matthews" in which "Nancy Matthews" represented that the House at The Hyannis Port Property was a rental income property and that she did not intend to occupy the house. At that time, The Hyannis Port Property (including the House) was the primary residence of BARRY PLUNKETT, JR. and NANCY PLUNKETT.

i.   In order to make it appear that The Hyannis Port Property was an income rental property (as required by the lender), BARRY PLUNKETT, JR. and NANCY PLUNKETT caused a fictitious commercial lease to be delivered to Velocity Capital purporting to show that Person #4 was paying $15,000 per month to rent the House at The Hyannis Port Property. NANCY PLUNKETT signed the fictitious lease as "Nancy Matthews." The fictitious commercial lease contained the name and a forged signature of Person #4.

11

j.   On or about January 12, 2018, BARRY PLUNKETT, JR. delivered the fictitious commercial lease to Velocity Capital.

k.   To further support the loan application, on or about January 12, 2018, BARRY PLUNKETT, JR. delivered to Velocity Capital a copy of a wire transfer document purporting to show that Person #4 paid "Nancy Matthews" $180,000 as full annual rent for the House at The Hyannis Port Property.

l.   Person #4 never leased any part of The Hyannis Port Property and never paid to rent the property. Person #4 was never aware of the fictitious commercial lease and the signature in Person #4's name was forged without Person# 4's knowledge or permission.

m.   On or about February 1, 2018, Velocity requested documents reflecting the beneficial interests of The Trust.

n.   NANCY PLUNKETT signed a false and fraudulent "Schedule of Beneficiaries" backdated to May 18, 2010. She also signed a false and fraudulent "Direction of Beneficiaries" dated February 2, 2018. Both documents falsely identified Person #5 as a beneficiary of The Trust and contained forged signatures in the name of Person #5. Person #5 was not aware that her name was used in connection with the Velocity Capital loan and the signatures in the name of Person #5 were forged without Person #5's knowledge or permission.

o.   On or about February 2, 2018, BARRY PLUNKETT, JR. delivered the false and fraudulent trust documents to Velocity Capital.

12

p. Velocity Capital determined that BARRY PLUNKETT, JR. had a previous association as Trustee for The Hyannis Port Property and with "Nancy Matthews," and therefore precluded BARRY PLUNKETT, JR. from acting as the closing attorney in connection with the $1,200,000 loan. Thereafter, BARRY PLUNKETT, JR. contacted Person #6, an attorney, to serve as the closing attorney for the loan.

q. On or about March 1, 2018, BARRY PLUNKETT, JR. provided Person #6 a title report fraudulently misrepresenting that there was no existing mortgage lien on the House at The Hyannis Port Property. BARRY PLUNKETT, JR. failed to inform Person #6 or Velocity Capital that the 2006 Washington Mutual Bank loan was secured by the entire Hyannis Port Property and that the outstanding balance on that mortgage was approximately $1.4 million.

r. On or about March 9, 2018, NANCY PLUNKETT appeared at Person #6's office to sign closing papers for the Velocity Capital loan in the amount of $1,200,000. NANCY PLUNKETT represented herself to be "Nancy Matthews."

s. That same day, NANCY PLUNKETT signed a final loan application form fraudulently identifying her present residential address as 396 Washington Street Wellesley, MA. NANCY PLUNKETT also executed documents falsely representing that The Trust purchased the House at The Hyannis Port Property for $2,690,000 in 2010 when in reality The Trust had owned the entire Hyannis Port Property continuously from and after at least 2002.

t.  NANCY PLUNKETT also fraudulently executed a document entitled "Business Purpose of Loan Certification" pledging that none of the $1,200,000 loan proceeds from Velocity Capital would be used for non-business (consumer) purposes.  However, once the proceeds were distributed, BARRY PLUNKETT, JR. and NANCY PLUNKETT used the money for multiple personal expenses, including, among others, a transfer of $1,168,009 to a HarborOne Bank account in the name of Nancy L. Matthews, payments to Loon Mountain and Stoweflake Mountain ski resorts and payments to the Hyannis Port Yacht Club and Hyannisport Club golf resort.

<u>Tax Evasion</u>

22.  As alleged in paragraphs 1 through 3 and 8 through 14 of this Indictment, during calendar years 2012 through 2016, BARRY PLUNKETT, JR. and NANCY PLUNKETT fraudulently obtained loan proceeds from multiple mortgage lenders and fraudulently converted loan proceeds to their own use.

23.  As noted in paragraph 14 of this Indictment, on or about December 18, 2014, BARRY PLUNKETT, JR. was the settlement agent for a new mortgage loan from United Bank in connection with a homeowner's address located at Pine Street in Needham, MA.

24. After receiving the new mortgage loan funds from United Bank, BARRY PLUNKETT, JR. and NANCY PLUNKETT fraudulently failed to pay off the pre-existing homeowner loan from South Shore Savings Bank in the principle amount of $610,881.10 and instead converted the money for their own use.

14

25. The loan payoff funds obtained by fraud represented income that BARRY PLUNKETT, JR., as the owner and operator of The Plunkett Law Firm, PC, was obligated to report to the IRS on both a corporate information tax return as well as his personal tax return for the calendar year 2014.

26. As a result of conversion of the payoff funds, BARRY PLUNKETT, JR., as the owner and operator of The Plunkett Law Firm, PC, had liability for taxes due and owing for calendar year 2014 in the amount of approximately $91,668.

27. The principle balance of the pre-existing South Shore Savings Bank loan related to the residence located at Pine Street in Needham, MA remained unpaid.

28. To conceal his income from the IRS and others and preclude the IRS from assessing the taxes due and owing thereon, BARRY PLUNKETT, JR. took the following affirmative steps:

   a. Caused and permitted the transfer of the payoff funds from his law firm IOLTA account to one or more other account(s) controlled by BARRY PLUNKETT, JR. and NANCY PLUNKETT;

   b. Concealed from the homeowner and United Bank the fact that the loan payoff funds were converted to the use of BARRY PLUNKETT, JR. and NANCY PLUNKETT;

   c. Caused South Shore Savings Bank to change the mailing address and contact information for the pre-existing loan from the homeowner to The Plunkett Law Firm, PC;

   d. Caused mortgage payments to be made to South Shore Savings Bank from and after January 2015 to ensure the pre-existing loan appeared to be in

15

current status so that the conversion of the payoff funds for personal uses would not be revealed to the homeowner or the IRS;

e.  Caused South Shore Savings Bank to file annual Form 1098-INT forms with the IRS reflecting that the homeowner was making the mortgage payments on the pre-existing loan, thereby further concealing from the IRS that the loan payoff funds had been converted and were reportable income;

f.  Failed to file an IRS Form 1120S corporate tax return in the name of The Plunkett Law Firm, PC to report the $610,881.10 as law firm income, which would have disclosed pass through income that BARRY PLUNKETT, JR. was required to report to the IRS;

g.  Failed to file an IRS Form 1040 personal tax return for calendar year 2014 on which BARRY PLUNKETT, JR. was required to report the law firm pass through income as personal income; and

h.  Failed to pay his personal tax liabilities for calendar year 2014, including approximately $91,668 in taxes due and owing as a result of the fraudulent conversion of $610,881.10.

<u>COUNTS ONE - TWO</u>
Bank Fraud; Aiding and Abetting
(18 U.S.C. §§ 1344 and 2)

The Grand Jury charges:

30. The Grand Jury re-alleges and incorporates by reference paragraphs 1 and 2, 3(A)

through (F), and 8 through 14 of this Indictment.

31.  On or about the dates set forth below, in the District of Massachusetts and elsewhere, the

defendants,

BARRY WAYNE PLUNKETT, JR., and
NANCY PLUNKETT, a/k/a "NANCY LEE MATTHEWS,"

knowingly executed and attempted to execute a scheme and artifice to defraud financial

institutions, and to obtain moneys, funds, credits, assets, securities and other property owned by,

and under the custody and control of the financial institutions, by means of materially false and

fraudulent pretenses, representations, and promises, as follows:

| Count | Approximate Dates | Description |
|---|---|---|
| 1 | April 22, 2013 to April 26, 2013 | Wells Fargo Bank mortgage loan in the amount of $560,000 regarding an address located at Hawthorne Avenue in Newton, MA. |
| 2 | December 18, 2014 to December 23, 2014 | United Bank mortgage loan in the amount of $620,000 regarding an address located at Pine Street at Needham, MA. |

All in violation of Title 18, United State Code, Sections 1344 and 2.

## COUNTS THREE - FOUR
Bank Fraud; Aiding and Abetting
(18 U.S.C. §§ 1344 and 2)

The Grand Jury further charges:

32. The Grand Jury re-alleges and incorporates by reference paragraphs 1 and 2, 3(G) and

(H), and 15 through 21 of this Indictment.

33. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the

defendants,

BARRY WAYNE PLUNKETT, JR., and
NANCY PLUNKETT, a/k/a "NANCY LEE MATTHEWS,"

knowingly executed and attempted to execute a scheme and artifice to defraud financial

institutions, and to obtain moneys, funds, credits, assets, securities and other property owned by,

and under the custody and control of the financial institutions, by means of materially false and

fraudulent pretenses, representations, and promises, as follows:

| Count | Approximate Dates | Description |
|-------|-------------------|-------------|
| 3 | August 31, 2015 | Velocity Commercial Capital mortgage loan in the amount of $470,000 in the name of Shoreline Properties LLC and Person #1 regarding the Apartment at The Hyannis Port Property |
| 4 | September 28, 2015 | Quicken Loans mortgage loan in the amount of $412,000 in the name of Person #1 regarding the Apartment at The Hyannis Port Property |

All in violation of Title 18, United State Code, Sections 1344 and 2.

COUNT FIVE
Bank Fraud; Aiding and Abetting
(18 U.S.C. §§ 1344 and 2)

The Grand Jury further charges:

34. The Grand Jury re-alleges and incorporates by reference paragraphs 1 and 2, 3(G), and 15

through 21 of this Indictment.

35.  On or about the dates set forth below, in the District of Massachusetts and elsewhere, the

defendants,

BARRY WAYNE PLUNKETT, JR., and
NANCY PLUNKETT, a/k/a "NANCY LEE MATTHEWS,"

knowingly executed and attempted to execute a scheme and artifice to defraud a financial

institution, and to obtain moneys, funds, credits, assets, securities and other property owned by,

and under the custody and control of the financial institution, by means of materially false and

fraudulent pretenses, representations, and promises, as follows:

| Count | Approximate Dates | Description |
|---|---|---|
| 5 | December 2017 to March 9, 2018 | Velocity Commercial Capital mortgage loan in the amount of $1,200,000 in the name of Nancy Matthews, as purported Trustee of 112 Realty Trust II, regarding the House at The Hyannis Port Property. |

All in violation of Title 18, United State Code, Section 1344 and 2.

19

COUNT SIX
Aggravated Identity Theft; Aiding and Abetting
(18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

36. The Grand Jury re-alleges and incorporates by reference paragraphs 1 and 2, 3(G), and 15 through 21 of this Indictment.

37. On or about January 19, 2018, in the District of Massachusetts and elsewhere, the defendants,

BARRY WAYNE PLUNKETT, JR., and
NANCY PLUNKETT, a/k/a "NANCY LEE MATTHEWS,"

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name and forged signature in the name of Person #3, during and in relation to a felony violation enumerated in 18 U.S.C. §1028A(c), that is, bank fraud, as charged in Count Five of this Indictment.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

COUNT SEVEN
Evasion of Assessment of Taxes
(26 U.S.C. §7201)

The Grand Jury further charges:

38. The Grand Jury re-alleges and incorporates by reference paragraphs 1, 3(E), and 4 through 14 of this Indictment.

39.  On or about April 15, 2015 and thereafter, in the District of Massachusetts and elsewhere, the defendant,

BARRY WAYNE PLUNKETT, JR.,

willfully attempted to evade and defeat the assessment by the Internal Revenue Service of income taxes due and owing to the United States of America upon the approximate sum of $610,881.10 obtained from the fraudulent conversion of loan payoff funds regarding an address located at Pine Street at Needham, MA for calendar year 2014 by failing to make an income tax return on or before April 15, 2015, as required by law, to any proper officer of the Internal Revenue Service, and committed the affirmative acts of evasion, among others, enumerated in paragraph 28 of this Indictment, that were designed to conceal that taxable income from the Internal Revenue Service and preclude the Internal Revenue Service from assessing the taxes due and owing thereon.

All in violation of Title 26, United States Code, Section 7201.

## FRAUD FORFEITURE ALLEGATIONS
(18 .S.C. § 982(a)(2)(A))

41.  Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts One through Five of this Indictment,

BARRY WAYNE PLUNKETT, JR., and
NANCY PLUNKETT, a/k/a "NANCY LEE MATTHEWS,"

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses.  The property to be forfeited includes, but is not limited to, $ 3,300,000, to be entered in the form of a forfeiture money judgment.

42.  If any of the property described in paragraph 41, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendants --

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 41 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

22

A TRUE BILL

FOREPERSON OF THE GRAND JURY

VICTOR A. WILD
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS;
JULY 28, 2020
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo

DEPUTY CLERK

at 4:15 PM

23