UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 20-10140-MLW |
| | ) |
| BARRY PLUNKETT, JR., and | ) |
| NANCY PLUNKETT, | ) |
| Defendants. | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                August 15, 2023

Third-party petitioners James and Ellen Plunkett (the "Plunkett Petitioners") challenge the validity of the court's preliminary order of forfeiture of the 112 Realty Trust II (the "Trust") and the real property at 100 Washington Avenue, Hyannis Port, Massachusetts (the "House"). See Plunkett Pet., Dkt. No. 165. The Plunkett Petitioners argue that the House is held by the Trust, of which defendant Barry Plunkett is only a one-third beneficiary, and, therefore, neither is forfeitable. The parties have, in effect, moved for partial summary judgment on this issue only pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) and Federal Rule of Civil Procedure 56.

For the reasons explained below, the court is granting partial summary judgment on this issue for the government because the trust is a nominee trust and, therefore, Barry Plunkett's interest in it is forfeitable.

I.  BACKGROUND

On March 4, 2022, husband and wife co-defendants Barry and Nancy Plunkett pled guilty to bank fraud and aggravated identity theft relating to defrauding lenders to obtain mortgages. Barry Plunkett also pled guilty to tax evasion. The defendants were sentenced on August 25, 2022. Among other things, the court ordered joint and several restitution of $3,054,759.71 to the financial institution victims, and $181,707 to the Internal Revenue Service. It also issued an Order of Forfeiture (money judgment) in the amount of $3,221,408. Barry Plunkett J., Dkt. No. 135; Nancy Plunkett J., Dkt. No. 142.

On September 1, 2022, the court granted the government's motions for forfeiture of property and a restraining order. Sept. 1, 2022 Order, Dkt. No. 145. Specifically, the court ordered preliminary forfeiture of: (1) a lot of land at 100 Washington Avenue, Hyannis Port, MA; and (2) the 112 Realty Trust II.

The House at 100 Washington Avenue is held by the Trust. Barry Plunkett is one of three beneficiaries of the Trust. At some point in the past, the property was divided into two parcels - the House and an apartment with an address of 112 Washington Avenue (the "Apartment"). Although the preliminary order of forfeiture specifies only the House (100 Washington Avenue), there is an issue of whether the Apartment (112 Washington Avenue) was improperly conveyed and should, therefore, be found to be held by the Trust

2

and forfeitable. The court has not been asked to resolve this issue now. Both the House and the Apartment are currently involved in several state court cases regarding the validity of transfers, mortgages, and liens.

Three groups of third-party petitioners have requested adjudication of their interests in the property preliminarily forfeited. The Velocity Petitioners and the MetLife Petitioners are holders of mortgages that encumber the House, the Apartment, or both. The Plunkett Petitioners are Barry Plunkett's siblings and fellow beneficiaries of the Trust, James and Ellen Plunkett, as well as the Trust itself.

Procedurally, this case is governed by 21 U.S.C. §853(n), which permits, following a preliminary order of forfeiture, a third party to "petition the court for a hearing to adjudicate the validity of his alleged interest in the property. This hearing shall be held before the court alone, without a jury." Id. §853(n)(2). Section 853(n) is implemented by Federal Rule of Criminal Procedure 32.2:

> After disposing of any motion [to dismiss] filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

3

Fed. R. Crim. P. 32.2(c)(1)(B). No party filed a motion to dismiss any of the third-party claims under Federal Rule of Criminal Procedure 32.2(c)(1)(A).

The parties proposed "bifurcation of issues for the Court's resolution," with "Phase One" being the court determining the "United States' interest in the real property, as raised in the Plunkett Petitioners' Petition." Proposed Agenda & Schedule, Dkt. No. 175. With the parties' agreement at an August 7, 2023 hearing, the court construed their request as cross-motions for partial summary judgment on the issue of whether Barry Plunkett has a forfeitable interest in the real property held by the Trust, as well as the Trust itself, pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) and Federal Rule of Civil Procedure 56.

II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Therefore, a factual dispute precludes summary judgment if it is "material" and "genuine." See Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986).

A fact is "material" if, in light of the relevant substantive law, "it has the potential of determining the outcome of the litigation." Maymi v. Puerto Rico Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008); see also Martinez-Rodriguez v. Guevara, 597 F.3d

4

414, 419 (1st Cir. 2010). "Only disputes that might affect the outcome of the suit under the governing law property preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

To determine if a factual dispute is "genuine," the court must assess whether "'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" Chadwick v. WellPoint, Inc., 561 F.3d 38, 43 (1st Cir. 2009) (quoting Anderson, 477 U.S. at 248); Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009). In making this determination, the court must "constru[e] the record in the light most favorable to the non-moving party." Douglas v. York Cnty., 433 F.3d 143, 149 (1st Cir. 2005). The record should not, however, be scrutinized piecemeal; rather, it must be "taken as a whole." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment per se." Wightman v. Springfield Terminal Ry. Co., 100 F.3d 228, 230 (1st Cir. 1996) (internal citations omitted). "Cross motions simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Id.

III. ANALYSIS

The court finds that Barry Plunkett has a property interest in the real property held by the Trust because it is not a true trust, in which a beneficiary has no legal title to the real property held by the trust, but a "nominee trust." See Guilfoil v. Sec'y of the Exec. Off. of Health & Hum. Servs., 162 N.E.3d 627, 632 (Mass. 2021). The trustee of a nominee trust has no real power over the trust property and must instead act at the direction of the beneficiaries. See Goodwill Enters., Inc. v. Kavanagh, 132 N.E.3d 129, 133 (Mass. App. Ct. 2019). A nominee trust, therefore, creates what is essentially an agent-principle relationship between beneficiaries and trustees, and beneficiaries of a nominee trust are treated as the "true owners of the property for the purposes of liability as well as benefit." Id. (quoting Morrison, 616 N.E.2d 92, 95 (Mass. 1993)) (collecting cases). Consequently, the beneficiary of a nominee trust has an interest in the real property equal to his interest as beneficiary of the trust, "no different than a coowner of property held as a tenancy in common." Id. at 134.

The common characteristics of a nominee trust are:

(1) The names of the beneficiaries are filed with the trustees rather than being publicly disclosed;

(2) a trustee may serve simultaneously as a beneficiary;

(3) the trustees lack power to deal with the trust

6

>    property except as directed by the beneficiaries;
>
>    (4) a third party may rely on the disposition of trust property pursuant to any instrument signed by the trustees, without having to inquire as to whether the terms of the trust have been complied with; and
>
>    (5) the beneficiaries may terminate the trust at any time thereby receiving legal title to the trust property as tenants in common in proportion to their beneficial interests.

Guilfoil, 162 N.E.3d at 632. (quoting In Re Grand Jury Subpoena, 973 F.2d 45, 48 (1st Cir. 1992) (formatting added). The third feature - whether the trustees lack the power to deal with trust property except as directed by the beneficiaries - is the key to whether a trust is a nominee trust. Id. at 632-33.

The parties provided the documents relevant to determining whether summary judgment is justified. See generally Exhibits to Dkt. Nos. 165, 173. The parties agreed that no further briefing or discovery on this issue is necessary. See Proposed Agenda & Schedule, Dkt. No. 175. As explained below, no material fact is in dispute and the government is entitled to summary judgment on the issue presented.

Construing the facts in the light most favorable to the Plunkett Petitioners, 112 Realty Trust II has all five of the common characteristics of a nominee trust, including the key third feature. First, the names of the beneficiaries were not publicly disclosed. See Bell Aff. ¶10, Dkt. No. 173-1; see generally Decl. of Trust, Dkt. No. 173-6. Second, Barry and Ellen Plunkett each at

times served as a trustee while at all times being beneficiaries. See Bell Aff., Dkt. No. 173-1. Third, the Declaration of Trust explicitly states that the trustee lacks power to deal with the trust property except as directed by the beneficiaries. Decl. of Trust ¶2, Dkt. No. 173-6. Fourth, the Declaration of Trust states that third parties may rely upon every instrument executed by the Trustee as "conclusive evidence" that the "Trust is in full force and effect and that the Trustee was duly directed by the Beneficiaries to execute and deliver the same." Id. Fifth and finally, the Declaration of Trust states that the Trust "may be terminated at any time by the beneficiaries or any one or more of them," in which event "the Trustee shall transfer and convey the entire trust estate . . . subject to any leases, mortgages, contracts, or other encumbrances on the trust estate, to the Beneficiaries in proportion to their respective interests." Id.

The Plunkett Petitioners' arguments that the 112 Realty Trust II is not a nominee trust are unmeritorious. First, the Plunkett Petitioners contend that the beneficiaries do not have "true unfettered power" because the Trust may be terminated at any time by the beneficiaries "or by the Trustee by notice in writing to the Beneficiaries." Plunkett Reply at 3, Dkt. No. 181. (quoting Decl. of Trust ¶3, Dkt. No. 173-6). However, the ability of the trustee to terminate the trust is not material. Factor five requires consideration only of whether the beneficiaries may

8

terminate the trust at any time and receive legal title to the trust property. See Guilfoil, 162 N.E.3d at 632. It does not include whether the trustee may also terminate the Trust, which in any event would also give the beneficiaries legal title. Id.

Second, the Plunkett Petitioners argue that the beneficiaries lack "unfettered power" to amend the Trust because "the Trust cannot be amended without the signature of the Trustee." Plunkett Reply at 3, Dkt. No. 181. However, this fact is not material for three reasons. The terms of the Trust render this requirement a mere formality. Although it is true that an amendment to the Trust requires the signature of the trustee, another provision permits the beneficiaries to unilaterally remove the trustee and appoint a trustee, which could be - and often has been - one of the beneficiaries themselves. See Decl. of Trust ¶4, Dkt. No. 173-6. Consequently, the trustee as a practical matter has no power to veto amendments that the beneficiaries wish to make, and the beneficiaries have the power to amend the trust themselves.

In addition, "unfettered power" is not one of the enumerated factors in deciding whether a trust is a nominee trust. The closest relevant factor is whether "the trustees lack power <u>to deal with the trust property</u> except as directed by the beneficiaries," Guilfoil, 162 N.E.3d at 632 (emphasis added), a factor which is not affected by whether the trustee's signature is required to amend the Trust. As previously explained, the Declaration of Trust

9

explicitly states that the trustee lacks power to deal with the trust property except as directed by the beneficiaries. Decl. of Trust ¶2, Dkt. No. 173-6.

Moreover, even assuming without finding that the inability of the beneficiaries to amend the trust without the trustee's signature weighs in the Plunkett Petitioners' favor, a nominee trust need not have all of the Guilfoil characteristics. It is enough that the trustees have only "perfunctory duties," and "have no power, as such, to act in respect of the trust property, but may only act at the direction of . . . the beneficiaries." Morrison, 616 N.E.2d at 94.

Here, no material facts are in dispute and a reasonable factfinder could only conclude that the 112 Realty Trust II is a nominee trust. Therefore, defendant Barry Plunkett has a forfeitable interest in the real property in the Trust equal to his one-third interest in the Trust.

IV.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Partial summary judgment shall enter for the government on the issue of whether Barry Plunkett has a forfeitable interest in the real property held by the Trust, as well as the Trust itself.

2. This case is referred to the Magistrate Judge for discovery and Reports and Recommendations.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE