**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-CR-10140-MLW |
| ) | |
| BARRY WAYNE PLUNKETT, JR., ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSITION TO BARRY WAYNE PLUNKETT JR.'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER STAYING FORFEITURE PROCEEDINGS**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully opposes the Defendant's Emergency Motion for a Preliminary Injunction or Temporary Restraining Order Staying Forfeiture Proceedings Pending Resolution of § 2255 Motion.  The ancillary forfeiture proceedings have been pending before the Court for nearly two years—and the parties to the ancillary forfeiture proceedings are on the verge of executing a settlement agreement.  The Defendant's motion appears designed solely to subvert execution of the settlement agreement.

**A. The Defendant Is Not Entitled to Stay Forfeiture Proceedings Pending a Section 2255 Ruling or Under Any Other Applicable Provision of Law.**

As a preliminary matter, it is well established that arguments regarding the forfeiture of property are "not cognizable in a § 2255 proceeding" because forfeiture is "a monetary-type penalty and not release from confinement." *Rodriguez v. United States*, 132 F.3d 30 (1st Cir. 1997); *see also Smullen v. United States*, 94 F.3d 20, 25 (1st Cir.1996) (holding that a claim that defendant is entitled to a reduced restitution order falls outside the scope of § 2255 which concerns a defendant's right to be released).

The time to challenge a defendant's liability for forfeiture, the amount of forfeiture, or the United States' authority to seek property as a substitute asset, is on direct appeal.  *See*

*Rodriguez,* 132 F.3d 30; *see also Beras v. Warden Moshannon Valley Corr. Ctr.*, 816 F. App'x 633, 635 (3d Cir. 2020) ("habeas relief is available only from 'custody.' Monetary components of a sentence generally do not qualify") (internal citations omitted). "But because [the Defendant] did not challenge any part of the forfeiture judgment on direct appeal, he has procedurally defaulted such a challenge." *United States v. Brown*, 599 F. Supp. 3d 1178, 1182 (M.D. Fla. 2022) (citing *United States v. Bane*, 948 F.3d 1290, 1294, 1296 (11th Cir. 2020) (defendants' failure to challenge their forfeiture judgments on direct appeal precluded them from collaterally attacking forfeiture in a petition for writ of error coram nobis)). Thus, contrary to Defendant's arguments (Docket No. 254 at p.7), staying the forfeiture proceedings has no bearing on the integrity of any post-conviction review process because post-conviction relief does not encompass forfeiture orders. And, accordingly, courts have reasoned, "there is no point to staying the forfeiture proceedings [in connection with requests for post-conviction relief] because it is too late for [defendant] to challenge the forfeiture judgment." *Id.* at 1182.

Indeed, there is also no mechanism for a defendant to stay forfeiture proceedings in connection with post-conviction review. Forfeiture orders may only be stayed in limited circumstances as set forth in 21 U.S.C. § 853(h) and Fed. R. Crim. P. 32.2(d). Section 853 provides:

> Upon application of a person, <u>other than the defendant or a person acting in concert with him or on his behalf</u>, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him. [Emphasis added.]

Rule 32.2(d) provides that "[i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d).

The Defendant cannot request a stay under § 853(h) because he is a defendant, and he also cannot request a stay under Rule 32.2(d) because he is not appealing his conviction. *See Brown*, 599 F. Supp. 3d at 1183 ("[Defendant] did not contest the forfeiture judgment on appeal and the Court has no power to impose a stay of forfeiture now."). In sum, there is no basis to stay the pending forfeiture proceedings in anticipation of a ruling on the Defendant's Section 2255 motion.

### B. The Defendant Agreed in His Written Plea Agreement Not to Challenge Any Court Orders Relating to Forfeiture.

The Defendant, an attorney, and assisted by his retained counsel, signed a written plea agreement on December 27, 2021, which included an agreement, in Section 5, that he will not challenge his conviction on direct appeal or in any other proceeding, including a separate civil lawsuit, and will not challenge any prison sentence of 78 months or less and any court orders relating to forfeiture, restitution, fines or supervised release. *See* Docket No. 54 at p. 4. The only exception is for claims of ineffective assistance of counsel or that the prosecutor or member of law enforcement involved in the case engaged in misconduct serious enough to entitle him to have his conviction overturned. The Defendant asserts neither of the exceptions.

In addition, in Section 6 of the written plea agreement, the Defendant "agreed to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement." *See id.* at p. 5. The Defendant also agreed in his plea agreement "that the United States is entitled to

3

forfeit as 'substitute assets' any other assets of Defendant up to the value of the now missing directly forfeitable assets." *See id.* The forfeiture proceedings that the Defendant now seeks to stay concern substitute assets, and that is something the Defendant specifically agreed that the government is entitled to do. Based on the Defendant's own agreement, a stay is not warranted. *See United States v. Miranda-Ortiz*, No. CR 14-388(1) (PAM), 2019 WL 440558, at *6 (D. Minn. Feb. 4, 2019) (defendant's plea agreement precludes collateral challenges to the forfeiture orders, noting "the record shows that the Government used standard criminal … forfeiture procedures to accomplish the forfeitures in this case. And any challenge to a forfeiture must be raised on direct appeal; § 2255 does not provide an avenue to challenge forfeitures").

### C. The Defendant Presents No Meritorious Argument for a Stay of the Forfeiture Proceedings.

Even if it were appropriate to consider staying the forfeiture proceedings in connection with a Section 2255 motion—which it is not—and even if the Defendant had not waived the right to bring such challenges—which he did, a stay here would not be warranted.

First, the cornerstone of the Defendant's motion to stay is an argument regarding his conviction for aggravated identity theft (Count Six). He also makes reference to his Title 26 conviction (Count Seven). The government will respond substantively to those arguments in its opposition to his Section 2255 motion. But, for purposes of the motion to stay forfeiture proceedings, neither aggravated identity theft pursuant to 18 U.S.C. § 1028A nor tax evasion in violation of 26 U.S.C. § 7201 is a forfeiture predicate.[1] Thus, regardless of whether or not he

---

[1] This is why the indictment contains no forfeiture allegation for these two counts, but only a forfeiture allegation for the charges of bank fraud (*see* Docket No. 1), and the Order for Forfeiture (Money Judgment) does not cite those convictions as a basis to forfeit property. *See* Docket No. 135-1 (referencing 18 U.S.C. 982(a)(2), the forfeiture provision for bank fraud).

4

succeeds in his Section 2255 arguments on those two counts of conviction, it can have zero impact on his forfeiture orders—which were entered as a result of the Defendant's five convictions for bank fraud.

Second, the Defendant claims that he and his family will suffer the irreparable harm absent a stay due to the loss of a family home. Not so. As an initial matter, the Court's Preliminary Order of Forfeiture for Substitute Assets in Satisfaction of Order of Forfeiture (Money Judgment) and subsequent rulings forfeited the Defendant's one-third interest in the Hyannis Port property to the United States. The Defendant already has no ownership interest in this property. See Docket No. 146 (forfeiting the Properties to the United States for disposition pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p)); 21 U.S.C. § 853(p).

As the Court is well aware, the property is held in through a nominee trust with the Defendant and his two siblings each having a 1/3 beneficial interest. His two siblings are parties to the ancillary forfeiture proceedings and have agreed to a settlement in principle regarding the Hyannis Port property and the 112 Realty Trust II. As his co-owners and family members have agreed to a settlement, after lengthy negotiations mediated before Magistrate Judge Levenson, the Defendant's claim of irreparable harm to his family members as a result of the forfeiture proceedings cannot be supported. Further, the first mortgage holder, MetLife, has initiated foreclosure proceedings (which are stayed pending the settlement) on the Hyannis Port property because no payments on its multi-million-dollar mortgage have been made since 2018. Thus, if there were no forfeiture proceedings, it is probable that the Hyannis Port property would be foreclosed. The Defendant cannot establish irreparable harm.

Third, the Defendant contends that he did not receive proper notice of the forfeiture proceedings or an opportunity to challenge the nexus between the properties and his criminal conduct. As noted, the government moved to forfeit the properties as substitute assets, pursuant to 21 U.S.C. § 853(p), which does not require a factual nexus to criminal conduct. All that is required is that the Defendant have an interest in the properties and the value of the forfeited property not exceed the forfeiture money judgment amount. *See* 21 U.S.C. § 853(p)(2) ("the court shall order the forfeiture of any other property of the defendant, up to the value of [the forfeiture money judgment]). Defendant agreed in his plea agreement to the forfeiture of substitute assets and agreed to consent to entry of an order for such property. Docket No. 146. Nevertheless, the government served the Defendant with the Motion for Preliminary Order of Forfeiture for Substitute Assets in Satisfaction of Order of Forfeiture (Money Judgment) in the care of his counsel, through both ECF and certified mail. *See* Docket No. 251.

Fourth, for all the reasons stated above, even if the Court were authorized to stay the forfeiture proceedings here (which it is not), the balance of the equities most certainly does not support a stay. The government initiated these forfeiture proceedings on August 29, 2022, a few days after the Defendant was sentenced. The third parties with interests in the Hyannis Port property—including the Defendant's two siblings and various lenders, some of whom are victims of the Defendant's crimes—and the government have worked for months to reach a settlement, which they will shortly execute. The Defendant's last-minute motion to stay the forfeiture proceedings is nothing but a thinly veiled attempt to subvert this settlement. It should be rejected.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's Emergency Motion for a Preliminary Injunction or Temporary Restraining Order Staying Forfeiture Proceedings Pending Resolution of § 2255 Motion.

                Respectfully submitted,

                JOSHUA S. LEVY
                Acting United States Attorney

By:    /s/ Carol E. Head
        CAROL E. HEAD
        Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
Dated: June 20, 2024        carol.head@usdoj.gov

## CERTIFICATE OF SERVICE

I, Carol E. Head, Assistant United States Attorney, certify that the attached United States' Opposition to Barry Wayne Plunkett Jr.'s Emergency Motion for a Preliminary Injunction or Temporary Restraining Order Staying the Forfeiture Proceedings was served by certified mail, return receipt requested, to Barry Wayne Plunkett, Jr., Fed. Reg. No. 05961509, FCI Atlanta, Federal Correctional Institution, P.O. Box 150160, Atlanta, GA 30315.  The document was also filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                /s/ Carol E. Head
                CAROL E. HEAD
Date:   June 20, 2024            Assistant United States Attorney